## JOSEPH BRINSTER vs. THE STATE.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Indictment for rape.*—The form of an indictment for rape prescribed in chapter 57 of acts of 1881 (see page 61), is not sufficient, for the reasons stated in Williams vs. The State, decided at this term.

Opinion by Willson, J.—The appellant was convicted of rape, the jury assessing his punishment at death.

The charging part of the indictment is as follows: that "Joseph Brinster, an adult male, did rape Mrs. Mattie McL. Davis, a female."

This indictment does not allege a single *act* which enters into and composes one of the elements of rape. An indictment is a written statement of a grand jury accusing a person therein named of some act or omission punished by law. Subjecting the indictment in this case to the above definition, it evidently follows that it is no indictment at all. But we are not disposed to enlarge. See the case of Williams vs. The State, decided at this term. (June number TEXAS LAW REPORTER, page 222.) The judgment is reversed and prosecution dismissed.

---

## CIRIACO RODRIGUEZ ET AL vs. THE STATE.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Indictment for theft.*—An indictment for theft, drawn in accordance with the form prescribed by the act of twenty-sixth of March, 1881 (General Laws Seventeenth Legislature, page 62), is bad.

Opinion by Willson, J.—This is an indictment for the offense of theft, drawn in accordance with the form prescribed by act of March 26, 1881. (General laws Seventeenth Legislature, page 62). We hold the indictment to be bad. For our opinion *in extenso* upon the question, see the case of Al. Williams vs. The State, decided at the present term. (See June number TEXAS LAW REPORTER, page 222.) Judgment reversed and cause dismissed.